IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| AXIS SURPLUS INSURANCE COMPANY, a Georgia corporation; and RSUI INDEMNITY COMPANY, a New Hampshire corporation, | ) ) ) ) ) | CIVIL NO. 10-00595 LEK-BMK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| MCCARTHY/KIEWIT, a joint venture; MCCARTHY BUILDING COMPANIES, INC., a Missouri corporation; KIEWIT PACIFIC CO., a Delaware corporation; and ARCH INSURANCE COMPANY, a Missouri corporation, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING DEFENDANTS'**
**MOTION TO STAY OR DISMISS ACTION**

Before the Court are Defendants McCarthy/Kiewit Joint

Venture ("MKJV"), McCarthy Building Companies, Inc. ("McCarthy"),

and Kiewit Infrastructure West Co.'s ("Kiewit," all three

collectively "Defendants") Motion to Stay or Dismiss Action

("Motion"), filed September 30, 2011, and Defendant Arch

Insurance Company's ("Arch") Joinder in the Motion ("Joinder"),

filed October 3, 2011.  Plaintiffs RSUI Indemnity Company

("RSUI") and Axis Surplus Insurance Company ("Axis," collectively

"Plaintiffs") filed their memorandum in opposition on

December 13, 2011.  Defendants filed their reply on December 20,

2011.  This matter came on for hearing on January 3, 2012.
Appearing on behalf of Defendants were Alan Van Etten, Esq., and
Edward Weiman, Esq., appearing telephonically on behalf of Arch
was Lee Howard Graham, Esq., appearing on behalf of Plaintiffs
was Keith Hiraoka, Esq., appearing telephonically on behalf of
Axis was Joyce Wang, Esq., and appearing telephonically on behalf
of RSUI was Denis Shanagher, Esq.  After careful consideration of
the Motion, supporting and opposing memoranda, and the arguments
of counsel, Defendants' Motion and Arch's Joinder are GRANTED for
the reasons set forth below, and the instant action is HEREBY
STAYED.

<u>**BACKGROUND**</u>

Defendants ask the Court to stay or dismiss this
federal action in favor of a parallel action currently pending in
Missouri state court.  According to Defendants, on May 2, 2005,
Kaiser Foundation Health Plan, Inc. ("Kaiser") hired MKJV to act
as the general contractor for the construction of an addition to,
and renovation of, Kaiser's Moanalua Medical Center (the
"Project").  [Mem. in Supp. of Motion at 3, Declaration of Edward
Weiman ("Weiman Decl."), Exh. A ("Missouri Complaint") at ¶¶ 2,
14).]  In connection with its work on the Project, MKJV
purchased primary and excess liability insurance from Arch, RSUI,
and Axis (collectively, the "MKJV Policies").  [<u>Id.</u> (citing
Missouri Complaint at ¶ 18).]  MKJV purchased its primary

2

insurance from Arch, which issued a commercial general liability ("CGL") policy with MKJV as the named insured to provide insurance coverage for liability arising out of the construction and maintenance work on the Project (the "Arch Policy").  The Arch Policy was effective from June 6, 2005, through October 15, 2010, and contains limits of liability of one million dollars per occurrence.  [Id. at 4 (citing Missouri Complaint at ¶¶ 18-19).]  MKJV purchased its first and second layers of excess insurance from RSUI (the "RSUI Policy") and Axis (the "Axis Policy").  The RSUI Policy was effective from June 6, 2005, through October 15, 2010.  The Axis Policy was effective from June 6, 2005, through October 15, 2010, and contains a Missouri-specific endorsement which expressly states that the Axis Policy was "procured and developed under the Missouri Surplus Lines Laws."  [Id. (citing Missouri Complaint, Exh. C (Axis Policy Endorsement H)).]

In the underlying Missouri case, Kaiser has asserted a claim against MKJV for damages resulting from allegedly deficient construction work on the Project.  Kaiser alleges that faulty work on the part of MKJV and/or its subcontractors caused certain flooring surfaces throughout the Project to delaminate or bubble up from the concrete substrate below.  Kaiser has further alleged that the certain portions of the floors at the Project are not level.  [Id. at 5.]  MKJV tendered the claim to Arch, RSUI and Axis pursuant to the MKJV

Policies.   Arch accepted MKJV's tender and agreed to defend MKJV under a reservation of rights.[1]   [Id. at 6 (citing Missouri Complaint at ¶¶ 18-19).]   According to Defendants, RSUI and Axis have refused to participate meaningfully in settlement discussions, investigate the underlying claim, or confirm or deny coverage under their respective policies.   [Id.]

On August 19, 2010, Axis and RSUI filed a complaint for declaratory relief against Defendants and Arch in Hawaiʻi state court, which was not served on Defendants until September 22, 2010, and which Defendants later removed to this Court.   [Weiman Decl. at ¶ 10.]   On September 17, 2010, Defendants filed a complaint against Arch, Axis, and RSUI in the Circuit Court for the County of St. Louis, State of Missouri, for breach of contract, anticipatory breach of contract, breach of the implied covenant of good faith and fair dealing, insurance bad faith, and declaratory judgment ("Missouri Action").   [Mem. in Supp. of Motion at 8-9.]   On October 26, 2010, Plaintiffs filed a First Amended Complaint in this Court, naming the exact same parties as the Missouri Action.

---

[1] On October 12, 2010, Defendants entered into a partial settlement agreement with Kaiser, resolving a portion of the claim for a payment of one million dollars.   Arch has approved the settlement and agreed to fund the one million dollar payment, thereby exhausting the applicable limits of insurance under the Arch Policy.   In light of the exhaustion of the applicable limits, Defendants assert that Arch no longer has a duty to defend MKJV against Kaiser's claims.   [Mem. in Supp. of Motion at 6 (citing Weiman Decl., Exh. C (Notice of Removal) at ¶ 5).]

I.  **Motion**

Defendants argue that a stay or dismissal of this declaratory action is warranted under Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), and other relevant authority, on the following grounds:

> (1) a stay or dismissal of this action is necessary to prevent the needless determination of state law issues by this Court;
> (2) a stay or dismissal of this action is proper to discourage improper forum shopping by RSUI and AXIS; and,
> (3) the simultaneous litigation of identical claims and defenses in two different forums raises the potential for inconsistent and irreconcilable outcomes in this action and the Missouri action.

[Motion at 2.]

Defendants maintain that "when a state court action is pending presenting the same issue of state law as is presented in the federal declaratory suit, 'there exists a *presumption* that the entire suit should be heard in state court.'"  [Mem. in Supp. of Motion at 12 (quoting Cont. Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1370-71 (9th Cir. 1991) (emphasis Defendants')).]

A.  **Issues Arising Under State Law**

Defendants first argue that the regulation of insurance is an area of state law which Congress expressly left to the states, and that the instant action requires the needless determination of issues that arise solely under state law. Defendants state that the scope of the Missouri Action is broader than the instant action, however, the relief sought in the

5

Missouri Action is identical to the relief sought here; specifically, an adjudication of the parties' respective rights and obligations under the MKJV Policies.  Both actions require an adjudication of issues which, Defendants argue, are matters of state law.  [Id. at 13-14.]

The additional claims alleged in the Missouri Action are contractual counts and a cause of action for bad faith refusal to settle the claim, a separate tort under Missouri law. In the event that RSUI is found to have wrongly denied its duty to defend MKJV after its obligation to do so was triggered, it will also be subject to liability under Missouri statutory authority which prohibits insurers from denying their coverage obligations "without reasonable cause or excuse."  [Id. at 14 (quoting Mo. Rev. Stat. § 375.296).]  Further, while the action before this Court seeks only equitable relief, Defendants note that the Missouri Action seeks monetary relief that is unavailable here, including statutory damages against RSUI and Axis pursuant to section 375.420 of the Revised Statutes of Missouri with regard to their bad faith refusal to settle within the MKJV Policy limits.  Defendants argue that the state law issues here are integral to the much broader Missouri Action, which implicates additional state common law and statutory claims.  [Id.]

B.    **Forum Shopping**

Next, Defendants argue that the instant case constitutes "reactive litigation," which the Ninth Circuit has included within the notion of forum shopping.  The term is generally applied to situations where an insurer files a federal declaratory judgment action after its insured files a non-removable state court action.  [Id. at 15 (citing Robsac, 947 F.2d at 1372).]  According to Defendants, the Ninth Circuit in Robsac was addressing reactive litigation filed in federal court with an intent to avoid being named in a non-removable state court proceeding, and that the reasoning in Robsac applies with equal force here, because RSUI and Axis filed a Hawai'i state court complaint in response to MKJV's claim for coverage, even though MKJV had not yet filed a Missouri state court action.  They state that RSUI and Axis did so without waiting for the results of their investigation into the claims, and prior to a long-scheduled mediation of the underlying claim and any attendant insurance disputes.  [Id. at 16.]

Defendants argue that forum shopping is an issue here because both actions concern a contractual dispute between six parties who are not Hawai'i residents, although two reside in Missouri (McCarthy and Arch).  They argue that both actions concern insurance policies that were contracted for, negotiated, and delivered in Missouri, and, while the underlying claim itself

7

arises out of construction work done at a Hawaiʻi hospital, that dispute is not before the Court.  Instead, the only issues before the Court are the contractual rights and obligations of parties to Missouri insurance contracts.  According to Defendants, permitting this action to go forward "when there is a pending state court case presenting the identical issue would encourage forum shopping in violation of the second Brillhart principle." [Id. at 17 (quoting Robsac, 947 F.2d at 1372-73).]

### C.  Duplicative Litigation

Finally, Defendants argue that permitting this action to proceed will result in duplicative litigation, thereby raising comity concerns because of the potential for inconsistent results involving state law issues.  According to Defendants, permitting the instant federal action to go forward is a waste of judicial resources.  They argue that here, the two actions are mirror images of each other, with the sole exception of the additional state law claims alleged in the Missouri Action.  They assert that there is the potential for two conflicting declarations of the parties' respective rights and obligations under the MKJV Policies.  [Id.]

Further, they argue that the instant action would not entirely resolve all of the disputes between the parties, creating an additional danger that these disputes will have to be litigated piecemeal in two different courts, perhaps applying two

8

different bodies of insurance law.  The Missouri state court can resolve all of the issues raised in the instant action, but this Court is not presented with the additional claims alleged in the Missouri Action.  Defendants argue that, if they were to prevail in this action, they would still have to pursue the remainder of their contractual, non-contractual, and statutory claims in the Missouri Action.  [Id. at 18.]

## II.  **Plaintiffs' Memorandum in Opposition**

Plaintiffs argue in their opposition that, because this first-filed coverage dispute involves a Hawai'i project, and involves the nature of the alleged defects in the Project, Hawai'i is the obvious and only forum for this case.  They urge the Court to retain jurisdiction over this case and resolve the parties' disputes.  Plaintiffs argue that Defendants' claims filed in the Missouri Action are compulsory counter-claims to the instant declaratory relief action and should have been filed as such either in the Hawai'i Circuit Court or promptly upon removal to this Court.  They assert that they originally filed for declaratory relief in the Hawai'i Circuit Court because Hawai'i law applies to the parties' obligations under the policies.  "MKJV chose to file a separate action in Missouri and then remove RSUI's and AXIS's lawsuit to this Court to manufacture the appearance of a pending state action to justify its motion to stay or dismiss here."  [Mem. in Opp. to Motion at 10-11.]

9

A.   __Hawai'i Law Applies to the Coverage Issues__

According to Plaintiffs, the Court will not have to address issues of Missouri law because Hawai'i law applies to the coverage issues raised by Kaiser's claims against MKJV.  They argue that, under Hawai'i choice of law rules, set forth in <u>Del Monte Fresh Produce (Hawaii), Inc. v. Fireman's Fund Insurance Co.</u>, 117 Hawai'i 357, 364, 183 P.3d 734, 741 (2007), courts apply the law of "the state with the most significant relationship to the parties and subject matter."  Plaintiffs maintain that, in <u>Del Monte</u>, the Hawai'i Supreme Court concluded that Hawai'i, not California, law applied to a coverage dispute where, as here, Hawai'i was the principal location of the risk, and rejected the argument that California law applied because the parties to the insurance contract were located in California, the policies were negotiated there, payment would be made there, and the claims were tendered there.  [Mem. in Opp. to Motion at 12.]

Here, Plaintiffs assert that MKJV makes the same arguments the <u>Del Monte</u> court rejected, *i.e.*, Arch and McCarthy reside in Missouri, the policies were negotiated there, and the loss occurred there.  Moreover, the MKJV Policies only insure liability arising out of a single location – the Moanalua Medical Center Ancillary Addition in Honolulu, Hawai'i – such that the application of Hawai'i law was within the reasonable expectations of the parties.  Plaintiffs also argue that the events giving

10

rise to the claim all occurred in Hawai'i, and the State has a
strong interest in insurance coverage issues involving its
hospitals, where most of the patients, employees, nurses and
physicians are Hawai'i residents. [Id. at 13 (citing Abramson v.
Aetna Cas. & Sur. Co., 76 F. 3d 304 (9th Cir. 1996)).]
Plaintiffs contend that it would be most appropriate for this
Court in Hawai'i, not one in Missouri, to apply the law of
Hawai'i.

B.    **First-Filed Action Has Priority**

Next, Plaintiffs argue that under the "first-filed
rule," the Court should not dismiss or stay the instant federal
action.  They assert that the action filed by MKJV in Missouri
deals with the same factual and legal issues set forth in this
action.  "To conserve judicial resources and avoid conflicting
rulings, the first-filed rule gives priority, for the purpose of
choosing among possible venues when parallel litigation has been
instituted in separate courts, to the party who first establishes
jurisdiction." [Id. (quoting Northwest Airlines, Inc. v.
American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993)).]
To apply the first-filed rule "[t]he two cases do not have to be
identical but must have issues that substantially overlap." [Id.
at 14 (quoting Monsanto Technology LLC v. Syngenta Crop
Protection, Inc., 212 F. Supp. 2d 1101, 1103 (E.D. Mo. 2002)).]
According to Plaintiffs, because of the substantial judicial

11

economy and equitable factors that support the first-filed rule, courts have even applied it when, as here, the two similar actions were filed in state court and then removed.

They argue that Axis and RSUI filed first in Hawai'i, and that MKJV itself first elected to sue its subcontractors in Hawai'i, before attempting to have the insurance coverage dispute adjudicated in Missouri.  Of the three related actions, the first filed was the Subcontractor Action, which MKJV filed in Hawai'i on August 2, 2010.  The second action, the instant federal action, was also filed in Hawai'i, less than three weeks later, on August 19, 2010.  Plaintiffs note that, it was only after both of these actions were on file in Hawai'i that on September 17, 2010, MKJV filed the Missouri Action to seek adjudication of the same issues presented in this action filed in Hawai'i.  They argue that, by filing in both Missouri and Hawai'i, MKJV is attempting to have a Hawai'i court determine whether a subcontractor was at fault; while at the same time have a Missouri court determine whether those actions are covered by the excess policies which apply only to work performed in Hawai'i. According to Plaintiffs, if this matter is dismissed and MKJV proceeds in Missouri, there is a significant risk of rulings different from and contrary to the findings of this Court.  Even if the resolution is the same, it will be "inefficient and cumbersome to burden the court with coordinating substantively

similar actions in Hawai'i and Missouri." [Id. at 15.]

Further, Plaintiffs assert that Defendants' reliance on Continental Casualty Co. v. Robsac Industries, 947 F.2d 1367 (9th Cir. 1991), is misplaced because, although the Ninth Circuit held that an insurer's declaratory relief action is per se "reactive," the court later refined its holding. They argue that, in Government Employees Insurance Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998), the appellate court backed away from Robsac's position and instead, underscored that a federal declaratory relief action is "reactive" only when that action is filed after a state court suit raising the same issues has been filed. [Id. at 15-16.]

C.    **Compulsory Counterclaims**

Finally, Plaintiffs argue that Defendants' additional claims filed in the Missouri Action should have been filed as compulsory counterclaims in the instant federal action under Fed. R. Civ. P. 13, which provides that a party must assert:

As a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:

(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

(b) does not require adding another party over whom the court cannot acquire jurisdiction.

[Id. at 16 (quoting Fed. R. Civ. P. 13(a)).]

Plaintiffs contend that the claims in the Missouri

13

Action arise from the same transactions and occurrences that are the subject of this lawsuit.  Specifically, both lawsuits arise from Kaiser's claims concerning the same construction project and concern a dispute about whether there is coverage for the Kaiser claim under the excess policies issued by RSUI and Axis. Plaintiffs filed this lawsuit and alleged that they are not obligated to indemnify MKJV for the amounts MKJV becomes liable to pay Kaiser relating to the Project.  They argue that the second-filed Missouri Action is nothing more than a parallel lawsuit, the claims arise from the same transaction or occurrence, and that there is a logical relationship between the claims in both cases.  [Id. at 17-19.]

They argue that the effect of filing a separate lawsuit in lieu of asserting a compulsory counterclaim is contrary to the purpose of Rule 13(a) because it creates multiple lawsuits, wastes judicial resources, and unduly burdens the litigation process.  Plaintiffs urge the Court to find that fairness dictates that Defendants bring all their claims in this action. When there is a coverage dispute between an insurance company and its insured, Plaintiffs argue that it is a common and expected practice for the insurance company to file a declaratory judgment action to have the parties' rights and liabilities determined by a court of competent jurisdiction, and the District of Hawai'i has jurisdiction to decide this dispute.  Defendants removed the

14

case to this Court and no parties have objected to jurisdiction here.  According to Plaintiffs, there is no reason that Defendants' rights cannot be fully and fairly adjudicated by filing a compulsory counterclaim here.  [<u>Id.</u> at 19-21.]

Plaintiffs contend that this Court should decide the claims Defendants assert under Missouri law.  Plaintiffs argue that, to the extent MKJV suggests it is without a remedy in Hawai'i, or that Missouri law somehow applies to the parties' disputes, MKJV is wrong.  They argue that Hawai'i recognizes contractual claims for breach of an insurance policy and a tort claim for bad faith breach (under <u>Best Place, Inc. v. Penn Am. Ins. Co.</u>, 920 P.2d 334, 341, 346 (Haw. 1996)), and that the tort claim includes recovery where an insurer acts unreasonably in the handling of its insured's claim.  As for the asserted statutory penalty, Plaintiffs maintain that this Court is as well-qualified as the Missouri court to make the simple arithmetical calculation if Missouri law is found to apply here. [<u>Id.</u> at 21-22.]

## III. <u>Reply</u>

In their reply, Defendants argue that Plaintiffs' opposition ignores the three <u>Brillhart</u> factors, and effectively concedes that a stay or dismissal is necessary: (1) to prevent the needless determination of state law issues by this Court; (2) to discourage improper forum shopping by Plaintiffs, who filed

this litigation in response to MKJV's assertion of a valid claim
under Missouri-issued insurance polices; and (3) because the
simultaneous litigation of these actions raises the potential for
inconsistent and irreconcilable results, and wastes judicial
resources, regardless of the outcome of the instant federal
action.  [Reply at 1-2.]

A.    **Needless Determination of State Law Issues**

Defendants insist that permitting this action to go
forward will require the needless determination of state law
issues because the two actions are parallel and seek
determination of the same insurance obligations, which is an area
of law left to the states.  To the extent Plaintiffs argue that
federal courts routinely hear insurance matters, Defendants note
that the fact that federal courts adjudicate declaratory relief
actions is not relevant under Brillhart and Dizol.  Further, to
the extent Plaintiffs claim that Hawai'i law applies to the
dispute, Defendants state that the Ninth Circuit presumes that a
federal declaratory relief suit should be stayed or dismissed in
favor of a parallel state court action regardless of which
state's law applies to the dispute.  [Id. at 6 (citing Robsac,
947 F.2d at 1370-71).]  They also argue that, at this stage of
the proceedings, Missouri law will govern, because Missouri has
the most significant relationship, and none of the operative
events giving rise to the instant dispute (i.e., breach of

contract and mishandling of insurance claim) took place in
Hawai‘i.  Defendants assert that the underlying construction
claim is tangential to the outcome of the coverage dispute, and
has already been resolved such that no Hawai‘i citizen or entity
has any interest in the outcome of the insurance coverage
dispute.  [Id. at 7-8.]

>     B.   **Forum Shopping**

Defendants repeat that the instant federal action is
"reactive" and was filed in an attempt to preempt an insureds
filing of a state court action for coverage.  They claim that
Plaintiffs do not dispute that they filed this action to preempt
MKJV's inevitable filing of the Missouri Action, including that
(1) Plaintiffs rushed to file this action in response to MKJV's
claim for coverage; and (2) Plaintiffs secretly filed this action
before the complete investigation of the claim, and a month prior
to a long-planned mediation of the insurance dispute.  [Id. at 8-
9.]

According to Defendants, the first-to-file rule does
not apply here, because reactive litigation can occur in response
to a claim an insurance carrier believes to be not subject to
coverage even though the claimant has not yet filed a state court
action.  [Id. at 10 (citing Robsac, 947 F.2d at 1372).]  They
state that Plaintiffs have cited no authority holding that the
first-to-file rule trumps, or relates to, the application of the

<u>Brillhart</u> factors.  [<u>Id.</u>]

Defendants maintain that none of the witnesses and
documents relevant to the dispute are located in Hawai'i, rather,
they are in Missouri.  They argue that Hawai'i is not the proper
forum for this dispute, and that permitting this action to go
forward would encourage "reactive" litigation, contrary to the
second <u>Brillhart</u> factor.  [<u>Id.</u> at 13-14.]

C.    **Duplicative Litigation**

Permitting this action to go forward, where there is a
nearly identical action in Missouri, is a waste of judicial
resources, according to Defendants.  The broader Missouri Action
would resolve the entire dispute; regardless of the outcome here,
the Missouri Action must go forward because several of the claims
do not depend on a declaration regarding coverage under the MKJV
Policies.  Defendants argue that the additional claims in the
Missouri Action are not compulsory counterclaims under Rule 13(a)
because the rule does not apply here.  Under Rule 7, a motion is
not a "pleading," and federal courts recognize that the
counterclaim requirement in Rule 13(a) is inapplicable where,
because of a pending motion, a responsive pleading is not
required.  [<u>Id.</u> at 17 (citing <u>United States v. Snider</u>, 779 F.2d
1151, 1157 (6th Cir. 1985)).]  Defendants filed the instant
Motion in lieu of a responsive pleading, and they argue that Rule
13(a) has not been triggered, and their claims are properly

18

before the Missouri state court.  [Id.]

     Defendants argue that, because the Missouri Action can

fully resolve the parties' dispute in one action, while this

Court cannot, the third Brillhart principle of judicial economy

weighs in favor of the stay or dismissal of this action.  [Id. at

18.]

## DISCUSSION

          Under the Declaratory Judgment Act, a
     district court has the "unique and substantial
     discretion" to decide whether to issue a
     declaratory judgment.  Wilton v. Seven Falls Co.,
     515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d
     214 (1995).  The Declaratory Judgment Act states
     that "courts may declare the rights and other
     legal relations of any interested party seeking
     such declaration."  28 U.S.C. § 2201(a) (emphasis
     added).  Therefore, a district court is under no
     compulsion to exercise its jurisdiction.
     Brillhart v. Excess Ins. Co. of America, 316 U.S.
     491, 494, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942).

          In cases where parallel state proceedings
     exist, "there is a presumption that the entire
     suit should be heard in state court."  Gov't
     Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225
     (9th Cir. 1998) (en banc) (citing Chamberlain v.
     Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th
     Cir. 1991)).  Courts should avoid gratuitous
     interference as it would be uneconomical and
     vexatious for a federal court to proceed with a
     declaratory judgment action in these situations.
     Wilton, 515 U.S. at 282-83, 115 S. Ct. 2137
     (citing Brillhart, 316 U.S. at 495, 62 S. Ct.
     1173).  However, the existence of a pendent state
     action does not automatically bar a request for
     federal declaratory relief.  Chamberlain, 931 F.2d
     at 1367.  Courts consider several relevant factors
     in determining whether to exercise jurisdiction or
     to dismiss or stay the declaratory judgment
     proceeding.

In this analysis a court must proceed cautiously, balancing concerns of judicial administration, comity, and fairness to the litigants. Chamberlain, 931 F.2d at 1367. The Supreme Court cautioned district courts to (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions in an attempt to forum shop; and (3) avoid duplicative litigation. Dizol, 133 F.3d at 1225 (citing Brillhart, 316 U.S. at 494, 62 S. Ct. 1173); Chamberlain, 931 F.2d at 1367. In addition to the Brillhart factors, the Ninth Circuit has suggested that district courts should consider the following additional factors:

> "[W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."

Dizol, 133 F.3d at 1225 n.5 (citation omitted).

Finally, where a district court declines to exercise jurisdiction over a declaratory judgment action, it "is authorized, in the sound exercise of its discretion, to stay or to dismiss" the action. Wilton, 515 U.S. at 288, 115 S. Ct. 2137 (emphasis added). That said, "a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Id. at 288 n.2, 115 S. Ct. 2137.

Burlington Ins. Co. v. Panacorp, Inc., 758 F. Supp. 2d 1121, 1139-40 (D. Hawai'i 2010).

I.   <u>Avoiding Needless Determinations of State Law</u>

"A 'needless determination of state law' may involve an ongoing parallel state proceeding regarding the 'precise state law issue,' an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (e.g., a diversity action)." <u>Keown v. Tudor Ins. Co.</u>, 621 F. Supp. 2d 1025, 1031 (D. Hawai'i 2008) (quoting <u>Robsac</u>, 947 F.2d at 1371-72). "The concern in this factor is with unsettled issues of state law, not fact-finding in the specific case." <u>Nat'l Chiropractic Mut. Ins. Co. v. Doe</u>, 23 F. Supp. 2d 1109, 1118 (D. Alaska 1998) (citing <u>Robsac</u>, 947 F.2d at 1371). "When state law is unclear, '[a]bsent a strong countervailing federal interest, the federal court should not elbow its way . . . to render what may be an uncertain and ephemeral interpretation of state law.'" <u>Allstate Ins. Co. v. Davis</u>, 430 F. Supp. 2d 1112, 1120 (D. Hawai'i 2006) (quoting <u>Mitcheson v. Harris</u>, 955 F.2d 235, 238 (4th Cir. 1992)).

First, the instant federal action and the Missouri Action are parallel proceedings with respect to the request for declaratory judgment regarding coverage under the MKJV Policies. "[A] state proceeding [is] parallel to a federal declaratory judgment action when: (1) the actions arise from the same factual circumstances; (2) there are overlapping factual questions in the actions; or (3) the same issues are addressed by both actions."

21

Gemini Ins. Co. v. Clever Constr., Inc., Civ. No. 09-00290
DAE-BMK, 2009 WL 3378593, at *7 (D. Hawai'i Oct. 21, 2009).

 Second, the instant action "involves insurance law, an
area that Congress has expressly left to the states through the
McCarran-Ferguson Act." Robsac, 947 F.2d at 1371 (citing 15
U.S.C. §§ 1011-12).  Third, there is no apparent compelling
federal interest here.  See id. ("Where . . . the sole basis of
jurisdiction is diversity of citizenship, the federal interest is
at its nadir.").  On the other hand, this Court has, on numerous
occasions, interpreted insurance policies pursuant to state law
to determine the scope of an insurer's duties to an insured.  On
balance, this Court agrees with the decisions from this district
holding that there is no compelling federal interest in
adjudicating insurance disputes based on diversity jurisdiction.
See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Simpson
Mfg. Co., --- F. Supp. 2d ----, 2011 WL 5374355, at *1 (D.
Hawai'i Nov. 7, 2011) ("Insurance law is an area of law that
Congress has expressly left to the states.  See 15 U.S.C. §§
1011- 12.  And this is a diversity case with no federal question
presented.  There therefore 'is no compelling federal interest
here.'" (quoting TIG Ins. Co. v. Haseko Homes, Inc., Civ. Nos.
10-00107 DAE-KSC, 10-00146 DAE-KSC, and 10-00575 DAE-KSC, 2011 WL
264315, at *14 (D. Haw. Jan. 26, 2011))).

 Finally, Defendants assert that the Court may be

confronted with unsettled issues of Hawai'i state insurance law identified in this district court's recent decision in <u>National Union</u>, 2011 WL 5374355, at *1, which, in turn, discussed <u>Group Builders, Inc. v. Admiral Insurance Co.</u>, 123 Hawai'i 142, 148, 231 P.3d 67, 73 (Haw. Ct. App. 2010), which held that "under Hawai'i law, construction defect claims do not constitute an 'occurrence' under a [commercial general liability] policy." Defendants further argue that the Court could be required to address the continued viability of <u>Group Builders</u> in light of the Hawai'i State Legislature's "recent excoriation of the <u>Group Builders</u> decision in H.B. 924 § 1 ('[T]he Group Builders decision creates a public policy crisis that only the State is in a position to remedy.')." <u>Nat'l Union</u>, 2011 WL 5374355, at *1 (footnoted omitted).  In <u>National Union</u>, Senior United States District Judge Alan C. Kay ruled that the implications of H.B. 924 were "unsettled at this point", and that staying the federal case was preferable to retaining the case and certifying the question to the state appellate courts.  <u>Id.</u> at *6.  This Court agrees with that analysis, to the extent it is applicable under the circumstances of the instant Motion.

In sum, the Court FINDS that the first <u>Brillhart</u> factor weighs in favor of dismissing or staying the instant federal action.

## II.  <u>Discouraging Forum Shopping</u>

          The Court next turns to the second factor addressing
declaratory actions as a means of forum shopping.  "This factor
usually is understood to favor discouraging an insurer from forum
shopping, *i.e.*, filing a federal court declaratory action to see
if it might fare better in federal court at the same time the
insurer is engaged in a state court action."  <u>Am. Cas. Co. v.</u>
<u>Krieger</u>, 181 F.3d 1113, 1119 (9th Cir. 1999).  Where a
"declaratory judgment suit is defensive or reactive, that would
justify a court's decision not to exercise jurisdiction."
<u>Robsac</u>, 947 F.2d at 1371.  "Typically, 'reactive declaratory
judgment actions' occur when a party sues in federal court to
determine their liability after the commencement of a state court
action."  <u>Gemini</u>, 2009 WL 3378593, at *8 (citing <u>Dizol</u>, 133 F.3d
at 1225).  This <u>Brillhart</u> factor also weighs in favor of
declining jurisdiction where "a federal plaintiff seeks
declaratory relief in anticipation that a related state court
proceeding may be filed."  <u>Budget Rent-A-Car v. Crawford</u>, 108
F.3d 1075, 1081 (9th Cir. 1997), *overruled in part on other*
*grounds by* <u>Dizol</u>, 133 F.3d at 1227.  "A suit is anticipatory when
the plaintiff filed upon receipt of specific, concrete
indications that a suit by defendant was imminent."  <u>Z-Line</u>
<u>Designs, Inc. v. Bello Int'l LLC</u>, 218 F.R.D. 663, 665 (N.D. Cal.
2003).

Here, the parties point to one another as the forum shopper, either by filing a reactive case in state court or thereafter removing it to this district court.  As was the case in National Union, the Court FINDS this factor neutral in determining whether to exercise its discretionary jurisdiction over this case.  "It does not appear that any party is any worse an offender than any other party in terms of filing declaratory actions as a means of forum shopping." National Union, 2011 WL 5374355, at *7.

## III. Avoiding Duplicative Litigation

Under the third factor, there is a presumption to decline jurisdiction "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed." Dizol, 133 F.3d at 1225. Here, the Missouri Action was not yet pending when the Hawai'i state court action was filed, but was pending when Defendants removed the action to this Court, and when Plaintiffs subsequently filed a First Amended Complaint in this Court. "When 'another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed.'" Stewart Title Co. v. Investors Funding Corp., Civ. No. 09-00455 SOM/KSC, 2010 WL 1904981, at *6 (D.

25

Hawai'i May 11, 2010) (quoting <u>Wilton</u>, 515 U.S. at 283).  That
said, "[t]he pendency of a state court action does not, of
itself, require a district court to refuse federal declaratory
relief." <u>Dizol</u>, 133 F.3d at 1225.  Further, "there is no
presumption in favor of abstention in declaratory actions
generally, nor in insurance coverage cases specifically." <u>Id.</u>

The Court concludes that the policy of avoidance of
duplicative litigation tips slightly in favor of staying or
dismissing the instant case pending the resolution of the broader
Missouri Action.  Both actions involve identical parties, and
there are factual and legal determinations to be made in the
Missouri Action that will be common to both cases.  According to
<u>Dizol</u>'s explanation of the <u>Brillhart</u> factors, "[i]f there are
parallel state proceedings involving the same issues and parties
pending at the time the federal declaratory action is filed,
there is a presumption that the entire suit should be heard in
state court." <u>Dizol</u>, 133 F.3d at 1225.  Accordingly, the Court
FINDS that avoidance of duplicative and piecemeal litigation
favors declining jurisdiction in this action.

## IV.  <u>Other Factors</u>

The Court also FINDS that the other factors outlined by
the Ninth Circuit in <u>Dizol</u> weigh in favor of staying or
dismissing the instant federal action.  <u>See</u> <u>Dizol</u>, 133 F.3d at
1225 n.5.  According to <u>Dizol</u>, in addition to the <u>Brillhart</u>

26

factors discussed above, the Court may also weigh "other considerations," such as: whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.  In addition, the district court may also consider the convenience of the parties, and the availability and relative convenience of other remedies.  <u>Id.</u>

        The Court finds it compelling that the instant federal action would not settle all aspects of the controversy.  Even if this Court were to resolve Plaintiffs' claims, a number of related issues would remain in the Missouri Action.  While this action would clarify the legal relationships between the parties with respect to the MKJV Policies, the Court is mindful of "the price of that clarification, which is calculated in terms of 'judicial administration, comity, and fairness to the litigants.'"  <u>Bituminous Cas. Corp. v. Kerr Contractors, Inc.</u>, CV 10-78-MO, 2010 WL 2572772, at *6 (D. Or. June 22, 2010) (quoting <u>Chamberlain</u>, 931 F.2d at 1367).

        Moreover, if both this Court and the Missouri state court were to reach the merits of the insurance coverage issues,

27

there would be a genuine risk of inconsistent judgments, piecemeal litigation, and ultimately entanglement between the federal and state court systems.  Finally, the Court finds that the remaining <u>Dizol</u> factors are neutral, and, to the extent Plaintiffs argue that the Motion should be denied because of choice of law issues, Rule 13(a) compulsory counterclaims, or because the first-filed action has priority, the Court rejects those arguments.

The combination of the <u>Brillhart</u> and <u>Dizol</u> factors discussed above cumulatively weigh against this Court's exercise of jurisdiction.  It therefore appears most appropriate for this Court to decline to exercise its jurisdiction over this declaratory judgment action.

## V.   <u>Dismissal or Stay of Declaratory Action</u>

"The use of stays instead of dismissal has been approved by courts in this circuit upon finding the <u>Dizol</u> factors warrant declining jurisdiction."  <u>Phoenix Assurance PLC v. Marimed Foundation for Island Health Care Training</u>, 125 F. Supp. 2d 1214, 1223 (D. Hawai'i 2000).  Because the parallel state proceeding provides the strongest basis for abstention, the instant action will not be dismissed but instead will be stayed pending resolution of the state court litigation.  <u>See</u> <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 288 n.2 (1995) ("We note that where the basis for declining to proceed is the pendency of a

28

state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.").

<u>CONCLUSION</u>

On the basis of the foregoing, Defendants McCarthy/Kiewit Joint Venture, McCarthy Building Companies, Inc., and Kiewit Infrastructure West Co.'s Motion to Stay or Dismiss Action, filed September 30, 2011, and Defendant Arch Insurance Company's Joinder in the Motion, filed October 3, 2011, are HEREBY GRANTED.

This action is HEREBY STAYED pending determination of these issues in the Missouri Action.  Any party that believes it is appropriate to lift the stay based upon changed circumstances may file an appropriate motion with the Court.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 12, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**AXIS SURPLUS INS. CO., ET AL. V. MCCARTHY/KIEWIT, ET AL; CIVIL NO. 10-00595 LEK-BMK; ORDER GRANTING DEFENDANTS' MOTION TO SAY OR DISMISS ACTION**